# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME GARCIA,<br><br>        Petitioner<br><br>v.<br><br>RICHARD B. IVES,<br><br>        Respondent. | Case No. CV 15-4722-JFW (GJS)<br><br>**ORDER: GRANTING MOTION TO DISMISS; DISMISSING PETITION WITHOUT PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY** |

## PROCEEDINGS

On June 22, 2015, Petitioner filed a 28 U.S.C. § 2254 habeas petition, which failed to allege any claims. On July 27, 2015, Petitioner filed a First Amended Petition, which alleged four claims ("Petition"). Petitioner alleged that Grounds One and Two had been raised in his state direct appeal, as well as in a habeas petition filed with the California Supreme Court. (Petition at 5-6.) He alleged that Grounds Three and Four had not been raised in the state courts, and that he had no pending state proceeding. (Petition at 6, 8.)

On August 19, 2015, United States Magistrate Judge Gail A. Standish issued an "Order Re: Mixed Petition And Directing Response" (August 19 Order"). In the August 19 Order, the Magistrate Judge advised Petitioner of her preliminary

conclusion, based on the limited record before her, that the Petition is "mixed," *i.e.,* contains both exhausted and unexhausted claims. The Court: advised Petitioner of his four options if the Petition is found to be "mixed"; and directed him to file a response advising whether or not he concedes that the Petition is "mixed" and which option he elects should there be a final determination that the Petition is "mixed."

Petitioner failed to file a response to the August 19 Order. On September 29, 2015, the Magistrate Judge issued a Report and Recommendation, which concluded that Grounds Three and Four of the Petition are unexhausted and recommended that this action be dismissed without prejudice, for lack of exhaustion, given Petitioner's failure to respond to the August 19 Order and to elect one of his available options. After the Report and Recommendation issued, Petitioner filed a belated Response to the August 19 Order and asked that Grounds Three and Four be dismissed without prejudice. On October 21, 2015, the Court accepted the Report and Recommendation, dismissed Grounds Three and Four without prejudice, and deemed the Petition amended to consist solely of Grounds One and Two. The Petition thereafter was served on Respondent, whose response was ordered.

On March 2, 2016, Respondent filed a motion to dismiss the Petition, arguing that Grounds One and Two of the Petition are unexhausted and, thus, the Petition is fully unexhausted ("Motion"), and lodged portions of the state record ("Lodg."). After reviewing the Motion and the now-expanded state court record, the Magistrate Judge issued an Order on March 8, 2016, which advised Petitioner of her preliminary conclusion that Grounds One and Two are unexhausted, and thus, the Petition is fully unexhausted ("March 8 Order"). The March 8 Order explained that the version of Ground One alleged in Petitioner's direct appeal had been raised purely as a state law claim and that Ground Two had not been alleged at all in Petitioner's petition for review. The March 8 Order advised Petitioner of his two options if the Petition is found to be fully unexhausted and directed him to either dismiss this action by April 8, 2016 (if he chose to exercise Option One) or to file a

1  Response by no later than April 8, 2016.  At its conclusion, the March 8 Order
2  expressly cautioned Petition that, if he did not take timely action in response to the
3  March 8 Order, he would "be deemed to have conceded that the [Petition] is
4  unexhausted and to have elected Option One, and thus, the dismissal of this action,
5  without prejudice, will follow."
6     It is now well past the deadline for Petitioner to respond to the March 8 Order
7  and he has done nothing.  Accordingly, the Court presumes that he concedes the
8  unexhausted nature of the Petition and that dismissal, without prejudice, is
9  appropriate.

## DISCUSSION

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented.  28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005).  To satisfy the exhaustion requirement, a state prisoner must "fairly present" his federal claim to the state courts, that is, give them a fair opportunity to consider and correct violations of the prisoner's federal rights.  *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (*en banc*).  A state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court.  *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review).  To fairly present a claim to the California Supreme Court, the petitioner must describe not only the operative facts but also the federal legal theory on which the claim is based.  *See, e.g., Duncan*, 513 U.S. at 365-66; *David v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional

guarantee, as well as a statement of the facts that entitled the petitioner to relief"); *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) ("[a] petitioner must alert the state courts to the fact that he is asserting a federal claim" and "must make the federal basis of the claims explicit").

*Ground One*

The record demonstrates that Ground One is unexhausted, because the claim was presented to the state courts solely as one based on state law. (*See* Petitioner's Opening Brief filed in the California Court of Appeal and his Petition for Review filed in the California Supreme Court, Lodg. Nos. 2, 4.)

Ground One, as alleged in the Petition, is a claim that the trial court violated due process by allowing the alternate jurors to be in the jury room throughout deliberations without defense consent. (Petition at 5.) In the state courts, however, Petitioner did not argue that this event violated federal due process. Rather, he argued that the trial committed reversible error – in violation of California law and contrary to various cited state court decisions – by directing the alternate jurors to be present in the deliberation room throughout the jury's deliberations. He cited only the California Constitution and state law decisions in support of this argument and never hinted, much less expressly stated, that this event violated any federal constitutional right; indeed, he never mentioned due process or any other provision of the United States Constitution. (*See* Lodg. No. 2, *passim*, and Lodg No. 4, *passim*.) The only two federal decisions cited by Petitioner – *United States v. Thomas*, 116 F.3d 606 (2d Cir. 1997), and *United States v. Olano*, 507 U.S. 725 (1993) – dealt with an application of the Federal Rules of Criminal Procedure to a federal defendant's case, not with any federal constitutional issue.

Even when read liberally, Petitioner's filings in the state court bearing on the subject matter of Ground One cannot be found to have raised any sort of federal

claim whatsoever. As a result, the due process claim alleged in Ground One plainly is unexhausted.

*Ground Two*

Ground Two of the Petition appears to raise a claim that it was a "misapplication" of California Penal Code § 186.22(a) to find that Petitioner satisfied the requisites of the gang statute, because he "acted alone." (Petition at 5-6.) Petitioner, however, did not raise any version of this claim in his Petition for Review. Rather, he raised only the single state law claim described above regarding the presence of the alternate jurors during deliberations. (*See* Lodg. No. 4, *passim*.) For this reason alone, Ground Two plainly is unexhausted.[1] The Court notes further that, although Petitioner raised a claim in the California Court of Appeal based on the argument that he should not have been convicted of gang participation because he acted alone, that claim asserted purely a state law violation. (*See* Lodg. No. 2 at 34-35.)

\* \* \* \* \*

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears that the Petition is fully unexhausted and Petitioner has failed to exercise any of the options available to him, and thus, dismissal of the Petition is required by Rule 4. Accordingly, IT IS ORDERED that: the Motion is GRANTED; the Petition is

---

[1] Of course, even had Petitioner raised the claim as a federal one in the state appellate court, the claim nonetheless would be unexhausted given his failure to raise it in the state high court.

1 dismissed, without prejudice, for failure to exhaust available state remedies; and
2 Judgment shall be entered dismissing this action without prejudice.
3     In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254
4 Cases in the United States District Courts, the Court has considered whether a
5 certificate of appealability is warranted in this case. See 28 U.S.C. § 2253(c)(2);
6 *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a
7 certificate of appealability is unwarranted, and thus, a certificate of appealability is
8 DENIED.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 20, 2016

_____
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE